UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GEORGE WATKINS,                     )
                                    )
        Plaintiff,                  )
                                    )       Civil Action No.
        v.                          )       16-cv-11685-FDS
                                    )
SAMIL SILTA, JAMES FARRELL, and     )
BERNARD D. MCCREVAN,                )
                                    )
        Defendants.                 )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

In 1998, plaintiff George Watkins was convicted in the Massachusetts Superior Court of stalking, assault and battery, and threats. (Compl. ¶ 22; Def. Ex. 1 at 2-3). The conviction arose out of an alleged altercation between Watkins and his former girlfriend, Rose Withers. (Compl. ¶¶ 2, 8(a)). His conviction was later upheld by the Massachusetts Appeals Court. (Def. Ex. 1 at 1).

On July 1, 2009, Watkins filed a complaint in this Court alleging various constitutional violations arising out of his arrest and conviction. (Def. Ex. 3). The Commonwealth of Massachusetts was the only named defendant, but the complaint alleged, among other things, that (1) Boston Police Detective James Farrell omitted information from the application for a criminal complaint that resulted in Watkins's arrest and (2) Boston Police Officer Samil Silta presented false information to the grand jury for the purpose of obtaining an indictment. (Def. Ex. 3 at 9-14, ¶ 5(a)). On October 13, 2009, the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

On August 18, 2016, Watkins filed the complaint in this action.[1] The complaint again alleges that Detective Farrell omitted or withheld information from the application for a criminal complaint and that Officer Silta presented false information to the grand jury. (Compl. ¶¶ 23, 8(a)). It also alleges that Boston Police Detective Bernard McCrevan gave perjured testimony at Watkins's trial. (Compl. ¶ 36). It alleges that the defendants' conduct violated the Fourth, Fifth, and Fourteenth Amendments by depriving plaintiff of due process of law.

On September 20, 2016, defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, that motion will be granted.

## I.     Discussion

To the extent that plaintiff's filing is a motion for reconsideration, that motion will be denied as time-barred. Motions for reconsideration are generally governed by either Fed. R. Civ. P. 59(e) or Rule 60. *See Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 (1st Cir. 2009). Rule 59(e) motions to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 motions for relief from a judgment "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).[2] "What constitutes a reasonable time depends on the facts of each case," including factors such as "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice

---

[1] The complaint is titled "Plaintiff's Amended Motion for Reconsideration of Denial of Previous Motion for Failure to State a Claim for Relief Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)." However, it begins by stating "[t]his is a complaint . . . ." It is unclear whether plaintiff intended this to be a motion for reconsideration of the Court's prior order dismissing his 2009 complaint or a new complaint altogether. The Court will analyze it as both. For the sake of clarity, it will be referred to as a complaint.

[2] Rule 60(c)(1) specifies that where the grounds for reconsideration is either (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation, or misconduct by an opposing party, the "reasonable time" may not exceed one year from the date of the judgment. Fed. R. Civ. P. 60(c)(1). It is unclear on what grounds plaintiff bases his motion for reconsideration.

2

to other parties." *Johnson v. Life Ins. Co. of N. Am.*, 626 F. App'x 379, 383 (3d Cir. 2015) (unpublished opinion). Plaintiff's prior complaint was dismissed on October 13, 2009. Plaintiff filed the motion for reconsideration on September 20, 2016, nearly seven years later. His motion is clearly time-barred under Rule 59(e), and, because he has provided no explanation whatsoever for the seven-year delay, it was not filed within a reasonable time and is therefore also time-barred under Rule 60.

To the extent the filing is a new complaint, it will be dismissed for failure to state a claim upon which relief can be granted. At a minimum, the claims as to defendants Silta and Farrell are precluded under the doctrine of claim preclusion, or *res judicata*, and all of his claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under the doctrine of claim preclusion, "'a final judgment on the merits of an action precludes the parties [to that action] or their privies from relitigating issues that were or could have been raised in that action.'" *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine applies where there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Id.*

The first element is satisfied here, as the 2009 complaint was dismissed on the merits for failure to state a claim upon which relief can be granted. As to the second element, there is "sufficient identicality" between the causes of action asserted in both suits, because they arise out of the same "transaction, or series of connected transactions" and "derive from a common nucleus of operative facts." *Id.* Both actions arise out plaintiff's arrest and conviction in 1998. The third element, identicality between the parties, is satisfied as to defendants Silta and Farrell,

but not defendant McCrevan. While the caption of the 2009 complaint listed the Commonwealth as the only defendant, paragraphs five and six clearly identified Officer Silta and Detective Farrell as intended defendants. (Def. Ex. 3 at ¶¶ 5-6). As to McCrevan, who was not named in the 2009 complaint, it is likely that he is also bound by the Court's prior ruling under the theory of "adequate representation." *See Taylor v. Sturgell*, 553 U.S. 880, 900 (2008) (stating that "[a] party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.") (internal citations omitted). However, there are not sufficient facts in the record to determine whether the Commonwealth understood itself to be acting as a representative for other officers and detectives involved in plaintiff's arrest and conviction, nor did the Court specifically take action to protect the interests of nonparties. Therefore, the doctrine of claim preclusion applies to bar plaintiff's claims against defendants Silta and Farrell, but it is unclear whether his claims against defendant McCrevan should also be barred.

In any event, all of plaintiff's claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. Here, plaintiff asserts that he was unconstitutionally arrested and convicted as a result of defendants' false statements and omissions. He has not, however, established that his conviction was reversed, expunged, declared invalid, or called into

4

question.  In fact, his conviction was upheld by the Massachusetts Appeals Court.  *See Watkins*, 2003 WL 940801 at *5.  Plaintiff is therefore precluded from seeking damages based on the alleged unconstitutionality of his arrest and conviction.[3]

## II.     Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED and defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  January 26, 2017

---

[3] In addition to monetary damages, plaintiff also seeks to have his mother's remains exhumed and reinterred at a different location at the Commonwealth's expense because, due to his incarceration, he was forced to miss her funeral.  However, the Commonwealth is not a named defendant in this action.  Even if it were, any claim against the Commonwealth arising out of plaintiff's 1998 arrest and conviction is precluded, as the Commonwealth was the named defendant in plaintiff's 2009 complaint.